

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

AUG 22 2023

ARTHUR JOHNSTON
BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MONALETHA CLINCY**                                                      **PLAINTIFF**

**V.**                                         CIVIL ACTION NO. 3:23-CV-547-CWR-LGI

**PACKAGING CORPORATION OF AMERICA;**
**WILLIAM MCKENZIE, IN HIS OFFICIAL AND**
**PERSONAL CAPACITIES; JAMES BAILEY, IN HIS**
**OFFICIAL AND PERSONAL CAPACITIES; BRENDA**
**SILAS, IN HER OFFICIAL AND PERSONAL**
**CAPACITIES; AND JOHN DOES 1-10**                            **DEFENDANTS**

---

**PLAINTIFF'S ORIGINAL COMPLAINT**
**(TRIAL BY JURY REQUESTED)**

---

COMES NOW the plaintiff, MONALETHA CLINCY, by and through undersigned counsel and pursuant to the laws of the State of Mississippi and the Federal Rules of Civil Procedure, and files this Complaint against Defendants, PACKAGING CORPORATION OF AMERICA; WILLIAM MCKENZIE, in his Official and Personal Capacities; JAMES BAILEY, in his Official and Personal Capacities; BRENDA SILAS, in her Official and Personal Capacities; and John Does 1-10, (hereinafter sometimes collectively referred to as "Defendants). In support thereof, Plaintiff, Monaletha Clincy would respectfully show unto this Honorable Court the following, to-wit:

**A. PARTIES**

1.    Plaintiff, Monaletha Clincy, (hereinafter sometimes referred to as "Plaintiff" or "Ms. Clincy"), is an adult resident citizen of Jackson (Hinds County), Mississippi who

1

resides at 1015 Larkspur Street; Jackson, Mississippi 39213. She may be contacted by and through her attorney whose contact information is listed below.

2. Defendant, Packaging Corporation of America (sometimes hereinafter referred to individually as "PCA") is an Illinoisan corporation that is incorporated under the laws of the State of Delaware but doing business in the State of Mississippi. Upon information and belief, this company's headquarters is located at 1 North Field Court, Lake Forest, Illinois 60045. This defendant may be served with process by and through its registered agent: C.T. Corporation System, 645 Lakeland East Drive, STE 101, Flowood, Mississippi 39232.

3. Defendant, William McKenzie was employed at Packaging Corporation of America, and may be served with process where he may be found pursuant to Rule 4 of the Federal Rules of Civil Procedure.

4. Defendant, James Bailey was employed at Packaging Corporation of America, and may be served with process where he may be found pursuant to Rule 4 of the Federal Rules of Civil Procedure.

5. Defendant, Brenda Silas was employed at Packaging Corporation of America, and may be served with process where she may be found pursuant to Rule 4 of the Federal Rules of Civil Procedure.

6. Defendants, John Does 1-10 are other individuals, persons, corporate persons or entities who may be liable for all or part of the acts or omissions committed, which resulted in the injuries sustained by Ms. Clincy and in whom Plaintiff may seek the recovery of damages.

2

## B. JURISDICTION

7.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 inasmuch as this cause of action is founded on the existence of a question arising under the laws of the United States of America, specifically, violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, and *et seq.* Defendants were employers and/or agents thereof within the meaning of these acts. Plaintiff affirmatively alleges that this suit arises under the law that creates the cause of action, and that this suit is within the competence of this honorable court. This court has jurisdiction over both the parties and the subject matter of this suit.

## C. VENUE

8.    Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices were committed in this district, the employment records relevant to the alleged unlawful employment practice are maintained and administered in this district, and Plaintiff would have worked in this district but for the alleged unlawful employment practice.

## D. EQUAL EMPLOYMENT OPPORTUNITIES COMMISSION COMPLAINT FILED

9.    Plaintiff timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC). In an effort to protect and secure some of the statues of limitations applicable to certain civil rights and remedies which the Plaintiff would have, Plaintiff perfects the instant lawsuit. A copy of the EEOC Charge of Discrimination and the Determination and Notice of Rights is attached hereto and collectively incorporated by reference as "Exhibit A."

3

## E. SEXUAL HARASSMENT UNDER TITLE VII

10.    Plaintiff asserts, incorporates and adopts all of the foregoing Paragraphs 1-9 as if fully set forth herein.

11.    Plaintiff, Monaletha Clincy is a female employee protected under Title VII.

12.    Defendants, PACKAGING CORPORATION OF AMERICA; JAMES BAILEY, in his Official and Personal Capacities; BRENDA SILAS, in her Official and Personal Capacities and John Does 1-10 are employers within the meaning of Title VII.

13.    Ms. Clincy was employed by Packaging Corporation of America as a supervisor. Ms. Clincy began employment with Packaging Corporation of America on or about July 1, 2019.

14.    At all relevant times, Defendants, James Bailey and Brenda Silas were Ms. Clincy's supervisors at Packaging Corporation of America.

15.    On or about December 16, 2021, Ms. Clincy was terminated by her Plant Manager, Defendant, James Bailey.

16.    Prior to her termination, Ms. Clincy informed her supervisors, Defendants James Bailey and Brenda Silas, that she had been sexually harassed by Defendant, William McKenzie. At that point, Defendants were placed on actual notice of the conduct of Defendant, William McKenzie.

17.    Thereafter but prior to her termination, Ms. Clincy was confronted and threatened by Defendant, William McKenzie for reporting him. At all relevant times, Defendant, James Bailey and Brenda Silas were the only two individuals who Ms. Clincy reported Defendant, McKenzie's behavior to.

4

18.    After reporting Defendant, William McKenzie's inappropriate behavior(s) to PCA's management, Defendants began to retaliate against Plaintiff in several ways including, but not limited to altering her clock-in times, transferring her to different shifts, and other actions that left Plaintiff feeling hopeless and aggrieved.

19.    The above acts left Ms. Clincy feeling emotionally and psychologically violated, embarrassed and ashamed. To that end, the conduct of Defendants unreasonably interfered with Ms. Clincy's work environment and performance.

20.    Ms. Clincy never had any type of relationship or contact (outside of the normal employment environment) with Defendant, William McKenzie prior to these incidents.

21.    On or about February 23, 2022, Ms. Clincy reported these incidents to the Equal Employment Opportunities Commission, which launched an investigation.

22.    Again, prior to the EEOC filing but immediately after Ms. Clincy reported these subject incidents, Ms. Clincy noticed that Defendants retaliated against her for reporting the conduct at issue.

23.    After Ms. Clincy reported William McKenzie's conduct, Ms. Clincy was ultimately terminated by Defendants, PCA and James Bailey.

24.    The stress of the retaliatory efforts by Defendants coupled with the emotional, psychological and physical toll of the underlying events have taken a severe and tremendous effect on Ms. Clincy.

25.    The intentional and retaliatory conduct of Defendants and others resulted in an adverse employment environment against Plaintiff. Specifically, Ms. Clincy's

employment was ultimately terminated after she reported Defendant, William McKenzie's conduct to James Bailey and Brenda Silas.

26. Accordingly, Defendants collectively subjected Ms. Clincy to a sexually offensive, intimidating and hostile work environment.

27. Defendants, Packaging Corporation of America; James Bailey, in his Official and Personal Capacities; and Brenda Silas, in her Official and Personal Capacities, did not take reasonable care to prevent this type of behavior from occurring and/or reoccurring. Defendants, Packaging Corporation of America; James Bailey, in his Official and Personal Capacities; and Brenda Silas, in her Official and Personal Capacities wholly failed to correct and eliminate the employment environment and/or to penalize Defendant, William McKenzie.

28. Defendants collectively discriminated against Ms. Clincy in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. s. 2000e, *et seq.* (Title VII). Defendants collectively retaliated against Ms. Clincy for reporting criminal and/or illegal conduct. Defendants collectively did not exercise reasonable care to prevent and cure allegations of sexual harassment. Defendants collectively ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.

## F. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff asserts, incorporates and adopts the foregoing paragraphs 1-28 as if fully set forth fully herein.

30. Following the intentional discrimination and adverse employment action, Defendants collectively made willful, intentional and malicious statements and/or actions, both direct and implied. As a direct and proximate result of the aforesaid actions, Plaintiff

has suffered irreparable damage to her character and reputation, and has suffered emotional pain and suffering and mental distress, which in turn has directly resulted in illness, pain and suffering.

31.    All Defendants are labile for the willful, intentional and malicious disregard for the conduct of Defendant, William McKenzie, both direct and implied. At all times relevant to these claims, Defendants were acting within the scope and course of their employment.

32.    All Defendants are liable to Plaintiff for all damages sustained as a consequence of their willful, intentional and malicious actions. Defendants are therefore liable to Plaintiff for damages sustained by her.

33.    As a result of these aforesaid acts, Ms. Clincy suffered and continues to suffer severe, irreparable injuries.

## G. CIVIL ASSAULT

34.    Plaintiff asserts, incorporates and adopts all of the foregoing paragraphs 1-33 as if fully set forth herein.

35.    The conduct of Defendants constitutes a threat of harmful and/or offensive touching.

36.    Upon information and belief, Defendants knew or through the use of reasonable care should have known that Defendant, William McKenzie was capable of committing a civil assault inasmuch as his previous behavior suggested his capabilities.

37.    Ms. Clincy did not invite Defendant, William McKenzie to brush up against her and make inappropriate comments to her.

7

38.    As a result of the act(s) and/or omission(s) of Defendants, Ms. Clincy suffered and continues to suffer severe, irreparable injuries.

## H. CIVIL BATTERY

39.    Plaintiff asserts, incorporates and adopts all of the foregoing paragraphs 1-38 as if fully set forth herein.

40.    The conducts of Defendants constitutes a threat of harmful and/or offensive touching.

41.    Upon information and belief, Defendants knew or through the use of reasonable care should have known that Defendant, William McKenzie was capable of committing a civil assault inasmuch as his previous behavior suggested his capabilities.

42.    Ms. Clincy did not invite Defendant, William McKenzie to brush up against her and make inappropriate comments to her.

43.    As a result of the act(s) and/or omission(s) of Defendants, Ms. Clincy suffered and continues to suffer severe, irreparable injuries.

## I. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

44.    Plaintiff asserts, incorporates and adopts all of the foregoing paragraphs 1-43 as if fully set forth herein.

45.    Defendants owed a duty to Ms. Clincy to keep her free from any sort of emotional distress while an employee with Defendants, Packaging Corporation of America; James Bailey, in his Official and Personal Capacities and Brenda Silas, in her Official and Personal Capacities.

46.    Defendants breached the duty owed to Ms. Clincy by the act(s) and/or omission(s) of their employees.

8

47.    Ms. Clincy sustained injuries and damages as a result of the act(s) and/or omission(s) of these employees.

## J. GROSS NEGLIGENCE

48.    Plaintiff asserts, incorporates and adopts all of the foregoing paragraphs 1-47 as if fully set forth herein.

49.    When viewed objectively, the act(s) and/or omission(s) of Defendants amount to a reckless disregard for the rights and/or safety of Ms. Clincy. The conduct of Defendants involved such an extreme degree of risk such that the risk constituted willful, wanton and reckless conduct under these circumstances. To this end, Defendants' act(s) and/or omission(s) constitute gross negligence under Mississippi law.

50.    The act(s) and/or omission(s) of Defendants proximately caused the damages and injuries sustained by Ms. Clincy.

51.    Ms. Clincy sustained damages relative to the incident herein.

## K. EMPLOYMENT RETALIATION UNDER TITLE VII

52.    Plaintiff asserts, incorporates and adopts all of the foregoing paragraphs 1-51 as if fully set forth herein.

53.    Before the EEOC filing but shortly after Ms. Clincy reported this subject issue to Defendants, James Bailey and Brenda Silas, Ms. Clincy noticed that Defendants retaliated against her for reporting the conduct at issue. After Ms. Clincy informed her supervisors, Defendant, James Bailey and Brenda Silas, of Defendant, William McKenzie's conduct, Ms. Clincy was advised by James Bailey that she was being terminated.

54.    Prior to her termination date of December 16, 2021, but after reporting Defendant, William McKenzie's inappropriate behavior(s) to PCA's management,

9

Defendants began to retaliate against Plaintiff in several ways including, but not limited to altering her clock-in times, transferring her to different shifts, and other actions that left Plaintiff feeling hopeless and aggrieved.

55.    The stress of the retaliatory efforts of these Defendants coupled with the emotional, psychological and physical toll of the underlying events have taken a severe and tremendous effect on Ms. Clincy.

56.    Accordingly, the intentional and retaliatory conduct of these Defendants and others resulted in an adverse employment environment against Ms. Clincy. Specifically, Ms. Clincy's employment was terminated because she reported Defendant, William McKenzie's conduct.

57.    To that end, Defendants collectively subjected Ms. Clincy to a sexually offensive, intimidating and hostile work environment.

58.    Although Packaging Corporation of America may have a written anti-discrimination / anti-sexual harassment policy, Defendants' administration personnel did not take reasonable care to prevent this type of behavior from occurring. Defendants, Packaging Corporation of America, James Bailey and Brenda Silas wholly failed to correct and eliminate the employment environment and/or to penalize Defendant, William McKenzie.

59.    Defendants collectively discriminated against Ms. Clincy in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. s. 2000e, *et seq.* (Title VII). It is unlawful for an employer to retaliate or attempt to retaliate against an employee for reporting violations of Title VII. Defendants collectively retaliated against Ms. Clincy for reporting criminal and/or illegal conduct. Upon information and belief, a class of similarly

10

situated female employees was subjected to workplace sexual harassment and intimidation by Defendant, William McKenzie. Defendants collectively did not exercise reasonable care to prevent and cure allegations of sexual harassment. Defendants collectively ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.

## L. NEGLIGENT HIRING, RETENTION, SUPERVISION AND/OR CONTROL

60.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in its entirety.

61.    At the time and on the occasion in question, Defendants, Packaging Corporation of America; James Bailey, in his Official and Personal Capacities; Brenda Silas, in her Official and Personal Capacities; and John Does 1-10 were negligent in hiring, retaining, supervising and/or controlling their employee(s), servant(s), and/or agent(s), Defendant, William McKenzie and Doe Defendants 6-10. Defendants, Packaging Corporation of America; James Bailey, in his Official and Personal Capacities; Brenda Silas, in her Official and Personal Capacities; and John Does 1-10, had a duty to exercise ordinary care in the hiring, supervising and training of its employees, including Defendant, William McKenzie. Defendants breached that duty in the following respects, among others:

(a)    failing to adequately inquire into the competence, employment history and criminal background of employee/agent/servant, Defendant, William McKenzie and Doe Defendants 6-10;

(b)    failing to adequately train employee/agent/servant, Defendant, William McKenzie and Doe Defendants 6-10;

11

(c)    failing to properly supervise employee/agent/servant, Defendant, William McKenzie and Doe Defendants 6-10;

(d)    failing to comply with industry standards and regulations regarding the supervision of their employees;

(e)    failing to properly monitor Defendant, William McKenzie and Doe Defendants 6-10's behaviors and activities;

(f)    failing to require Defendant, William McKenzie and Doe Defendants 6-10 to maintain training logs and records regarding sexual harassment;

(g)    failing to comply with industry standards and regulations regarding the training records of employees, and;

(h)    other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

61.    The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Ms. Clincy's damages. Further, the act(s) and/or omission(s) of these Defendants resulted in the Ms. Clincy's significant injuries, losses and damages.

## M. NEGLIGENT HIRING, RETENTION, SUPERVISION AND/OR CONTROL

62.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in its entirety.

63.    At the time and on the occasion in question, Defendants, Packaging Corporation of America and John Does 1-10 were negligent in hiring, retaining, supervising and/or controlling their employee(s), servant(s), and/or agent(s), Defendants, James Bailey, Brenda Silas and Doe Defendants 6-10. Defendants, Packaging

12

Corporation of America and John Does 1-10, had a duty to exercise ordinary care in the hiring, supervising and training of its employees, including Defendant, James Bailey and Defendant, Brenda Silas. Defendants breached that duty in the following respects, among others:

    (a)   failing to adequately inquire into the competence, employment history and criminal background of employee/agent/servant, Defendants, James Bailey, Brenda Silas and Doe Defendants 6-10;

    (b)   failing to adequately train employee/agent/servant, Defendant, James Bailey, Brenda Silas and Doe Defendants 6-10;

    (c)   failing to properly supervise employee/agent/servant, Defendant, James Bailey, Brenda Silas and Doe Defendants 6-10;

    (d)   failing to comply with industry standards and regulations regarding the supervision of their employees;

    (e)   failing to properly monitor Defendant, James Bailey, Brenda Silas and Doe Defendants 6-10's behaviors and activities;

    (f)   failing to require Defendants, James Bailey, Brenda Silas and Doe Defendants 6-10 to maintain training logs and records regarding retaliatory conduct;

    (g)   failing to comply with industry standards and regulations regarding the training records of employees, and;

    (h)   other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

64.   The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants

13

proximately caused Ms. Clincy's damages. Further, the act(s) and/or omission(s) of these Defendants resulted in the Ms. Clincy's significant injuries, losses and damages.

## N. DAMAGES

65.    As a direct and proximate result of the conduct of all Defendants, Ms. Clincy suffered the following injuries and damages:

a.    Plaintiff is entitled to compensation for loss of pay from the date of her termination.

b.    Plaintiff is entitled to compensation for expenses incurred in seeking other employment.

c.    Plaintiff suffered mental anguish and emotional distress resulting in inability to sleep through night.

d.    As a direct and proximate result of the mental anguish and emotional distress, Plaintiff has suffered a financial hardship placed upon her by Defendants.

e.    Plaintiff has suffered and will likely continue to suffer monetary loss in the form of medical, pharmacy and other health care-related expenses.

## O. ATTORNEYS FEES

66.    Plaintiff is entitled to an award of attorneys fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## P. PRAYER FOR RELIEF

67.    For these reasons as stated above, Plaintiff asks for judgment against all Defendants for the following:

a.    All kinds of economic and non-economic damages, including back pay, lost wages, benefits, costs and expenses;

b.    Reinstatement to her position of employment;

c.    Actual compensatory, incidental and consequential damages for all injuries complained of herein, including but not limited to past, present and future emotional pain and suffering, mental distress and related medical bills;

d.    Punitive damages against all Defendants in an amount sufficient to punish said Defendants for their egregious conduct and to deter Defendants and others similarly situated from engaging in such conduct in the future;

e.    Reasonable attorneys' fees;

f.    Costs of suit;

g.    Pre-judgment interest at the maximum legal rate for all damages suffered;

h.    Post-judgment interest at the maximum legal rate for all damage suffered; and

i.    For such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

## Q. RIGHT TO AMEND

68.    Plaintiff specifically reserves the right to amend this complaint pursuant to the Federal Rules of Civil Procedures.

This the 22ⁿᵈ day of August, 2023.

Respectfully submitted,

**MONALETHA CLINCY**

By:

Warren L. Martin, Jr., Esq.
*Attorney for Plaintiff*

Of Counsel:
Warren L. Martin, Jr., MSB #101528
Robert E. Thompson, II, MSB #105731
**WARREN L. MARTIN, JR., P.A.**
351 Edgewood Terrace Drive
Jackson, Mississippi  39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone: (769) 257-6052
Facsimile: (769) 257-6596
Email: attywarrenmartin@gmail.com

*Counsel for Plaintiff*

16